UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARTHA AINSWORTH                                                                                PLAINTIFF

V.                                                                      CIVIL ACTION NO. 3:09cv68 DPJ-JCS

PATRICIA GILDEA, ET AL.                                                                       DEFENDANTS

ORDER

This domestic relations matter is before the Court on Defendant Patricia Gildea's Motion to Dismiss [3]. The Court, having considered the parties' memoranda and relevant authorities, finds that Defendant's motion should be denied.

I.     **Facts and Procedural History**

Plaintiff Martha Ainsworth was married to Victor McLendon on June 14, 1974. In September 2005, Plaintiff learned that McLendon had been having an affair with Defendant Patricia Gildea. Plaintiff filed for divorce in December 2005. After the divorce was final, she filed suit in the Circuit Court of Hinds County, Mississippi seeking damages for alienation of affection against Defendant Gildea and her parents, Ray and Trudy Gildea. Defendants removed the action to this Court in February 2009. Defendant Patricia Gildea has moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.    **Analysis**

      A.     <u>Conversion of Defendant's Motion to Dismiss Under Rule 12(d)</u>

Defendant submitted the affidavit of Victor McLendon in support of her motion. In response, Plaintiff argued that courts do not consider matters outside the pleadings when ruling on a motion filed pursuant to Rule 12(b)(6). In its rebuttal memorandum, Defendant suggested, for the first time, that the Court should convert her motion to a motion for summary judgment

under Rule 56.

If matters outside the pleadings are submitted in support of a motion to dismiss, Rule 12(b) grants courts discretion to either accept and consider or disregard such materials. *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir.1988)). "A court exercises this discretion by determining whether the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate disposing of the action." *Id.* (citing *Isquith*, 847 F.2d at 193 n.3). If the court elects to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

The Court declines to convert Defendant's Rule 12(b)(6) motion to a motion for summary judgment. *See Lichterman v. Pickwick Pines Marina, Inc.*, Civil Action No.: 1:07CV256-SA-JAD, 2009 WL 723523, at *4 (N.D. Miss. Mar. 19, 2009) (noting that the decision to convert is within the court's discretion). Plaintiff's response was premised on the Court's inability to consider materials outside the pleadings when ruling on a motion to dismiss; accordingly, she has not had the opportunity to respond with summary judgment evidence. Given the nature of the action and the early posture of the case, the Court is of the opinion that converting the motion would likely not assist in disposing of the action. *See Ace*, 255 F.R.D. at 188. Because the Court has decided not to convert the motion, "the Rule 12(b)(6) motion remains intact and may be decided on its merits under the appropriate standard of review." *Id.*

B. Defendant Patricia Gildea's Motion to Dismiss

   1. *Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (quotation marks, citations, and footnote omitted).

   2. *Alienation of Affection Claim*

      a. Failure to State a Claim

Defendant contends that Plaintiff cannot satisfy the elements of an alienation of affection claim. In Mississippi, an alienation of affection claim requires proof of: "(1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) causal connection between such conduct and loss." *Hancock v. Watson*, 962 So. 2d 627, 630 (Miss. Ct. App. 2007) (internal quotations omitted) (citing *Bland v. Hill*, 735 So. 2d 414, 417 (Miss. 1999)). Turning to the Complaint, Plaintiff alleges that Defendant Patricia Gildea "did wilfully, wrongfully, and maliciously prejudice [Victor McLendon's] mind against the Plaintiff and did alienate his affections" from her. Complaint ¶ 6. Taking this allegation as true, the Court finds that Plaintiff

has stated a plausible claim for relief.[1]  *See Twombly*, 550 U.S. at 570.

Additionally, Defendant argues that Plaintiff's alienation of affection claim is time-barred.  The court may dismiss an action as time-barred "if the defense clearly appears on the face of the complaint.  *Jones v. City of Bryan*, Civil Action No. 07-3874, 2008 WL 2557469, at *2 (S.D. Tex. June 23, 2008) (citing *Bush v. United States*, 823 F.2d 909, 910 (5th Cir.1987)).  The Mississippi legislature has not prescribed a specific statute of limitations for the intentional tort of alienation of affection; therefore, the three-year statute of limitations applies to claims for alienation of affection.  *See Hancock*, 962 So. 2d at 631 (citing *Carr v. Carr*, 784 So. 2d 227, 230 (Miss. Ct. App. 2000)); *see also* Miss. Code Ann. § 15-1-49 (Rev. 2003).  Under Mississippi law, "[a] claim of alienation of affection accrues when the alienation or loss of affection is finally accomplished."  *Carr*, 784 So. 2d at 229-30.  Plaintiff filed the action on July 18, 2008, but it is not apparent from the face of the Complaint when the alienation of McLendon's affection was finally accomplished.  Defendant's motion to dismiss is denied as to the statute of limitations defense.[2]

      b.  Failure to Timely Serve Defendants

Defendant claims that Plaintiff failed to timely serve her with process as required by Mississippi Rule of Civil Procedure 4(h).  The rule provides that an action shall be dismissed if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint" and the plaintiff "cannot show good cause why such service was not

---

[1] Defendant relies exclusively on McLendon's affidavit in challenging the sufficiency of Plaintiff's alienation of affection claim.

[2] Even if the Court were to consider the McLendon affidavit, it leaves a question of fact as to when the alienation of affection was "finally accomplished."

made." MISS. R. CIV. P. 4(h). Although Plaintiff's 120 day period expired on November 17, 2008, the state court entered an order extending Plaintiff's time to serve Defendants by 60 days. Plaintiff perfected service during this 60 day period. This Court cannot review or nullify the state court's decision granting Plaintiff extra time to serve Defendants. Defendant's motion to dismiss is denied.

**III.    Conclusion**

For the reasons stated in this order, Defendant's motion to dismiss is denied.

**SO ORDERED AND ADJUDGED** this the 11th day of May, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
