UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARTHA AINSWORTH                                                                       PLAINTIFF

VS.                                                         CIVIL ACTION NO.: 3:09cv68-DPJ-JCS

PATRICIA GILDEA, ET AL.                                                              DEFENDANTS

**<u>ORDER</u>**

This alienation of affection case is before the Court on the following motions: Defendant Patricia Gildea's Motion to set aside Entry of Default as to Ray Gildea and Trudy Gildea [17], to which Ray and Trudy Gildea join, and Ray and Trudy Gildea's motion to dismiss [21]. Having fully considered the parties' submissions and the applicable law, the Court finds that the Clerk's Entry of Default should be set aside and that the motion to dismiss should be granted.

**I.      Facts and Procedural History**

The following facts are taken from Plaintiff's Complaint. Plaintiff Martha Ainsworth was married to Victor McLendon on June 14, 1974. In September 2005, Plaintiff learned that McLendon had been having an affair with Defendant Patricia Gildea. Plaintiff filed for divorce in December 2005. After the divorce was final, she filed suit in the Circuit Court of Hinds County, Mississippi, seeking damages for alienation of affection against Defendant Gildea and her parents, Ray and Trudy Gildea (the "senior Gildeas").

The case is before the Court in an uncommon procedural posture. In February 2009, Defendant Patricia Gildea removed the matter from state court based on the fraudulent joinder of her parents Ray and Trudy Gildea. Although Plaintiff could seek remand based on lack of subject matter jurisdiction (i.e., contest fraudulent joinder as to the senior Gildeas) at anytime before final judgment, 28 U.S.C. § 1447(c), she has never done so. Instead, Plaintiff appears

content with federal jurisdiction and has fully prosecuted her claims in this Court. However, on May 20, 2009, Plaintiff sought and obtained a Clerk's Entry of Default against the senior Gildeas, which they immediately moved to set aside. Plaintiff has never sought default judgment, but she objects to the senior Gildeas' pending motions to set aside the default and dismiss the claims against them. Thus, Plaintiff asks this Court to exercise its jurisdiction in a way that would destroy it.

**II.      Analysis**

      A.      Motion to Set Aside Clerk's Entry of Default

"Defaults are not favored[,] and their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc*., 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991)). "[E]ntries of default are serious; 'where there are no intervening equities, any doubt should . . .be resolved in favor of the movant to the end of securing a trial upon the merits.'" *Id*. (quoting *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000) (brackets omitted)).

An entry of default may be set aside under Rule 55(c) for "good cause." "The requirement of good cause has generally been interpreted liberally." *Id.* (internal quotation marks, brackets, and ellipsis omitted). Among the factors often recognized are (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense has been presented, and (4) whether the defendant acted expeditiously to correct the default. *Id*. "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotations and citation omitted).

The Clerk's Entry of Default should be set aside.[1]  First, the proof of "willfulness" is mitigated by the Plaintiff's acquiescence to the notice of removal, which was premised on the impossibility of recovery against these defendants.  In fact, Plaintiff has never sought default judgment, and such a motion would necessarily call into doubt this Court's subject matter jurisdiction.  Second, setting aside the Clerk's Entry of Default will not prejudice the plaintiff.  "[M]ere delay does not alone constitute prejudice," and "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."  *Lacy*, 227 F.3d at 293.  Third, Defendants presented meritorious defenses by which they are entitled to dismissal.  Finally, Defendants immediately moved to have the default set aside.  There are no "intervening equities" sufficient to deny the senior Gildeas' motion; the Clerk's Entry of Default is therefore set aside.  *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 563.

B.  Motion to Dismiss/Summary Judgment

Defendants contend that the Complaint fails to state a claim against Ray and Trudy Gildea, and they alternatively offer affidavits supporting their motion.  There are several initial matters to address.  First, the Court will consider the affidavits.  Although the Court declined to do so with respect to Patricia Gildea's motion, it has the authority under Rule 12(d) to convert the motion into one for summary judgment.  Unlike the first motion, Defendants clearly invoked Rule 56 when they provided the summary judgment standard in their initial memorandum.  Plaintiff could have requested discovery under Rule 56(f), but did not.  Second, even if the

---

[1] Plaintiff's applications for Clerk's entries of default [11, 12] are mistitled in the CM/ECF docket as motions for default judgment.

3

affidavits were disregarded, the motion would still prevail.  Third, the senior Gildeas are not deemed to have admitted the averments of the Complaint because the Clerk's Entry of Default has been set aside.  Finally, Plaintiff is mistaken in her assumption that Defendants' motion is identical to the previous motion filed by Defendant Patricia Gildea.  Significantly, the Complaint alleges an extramarital affair between Patricia Gildea and Plaintiff's ex-husband, a factual averment the Court accepted as true and found sufficient to overcome the Rule 12(b)(6) motion.  However, the separate averments as to the senior Gildeas must be viewed separately.

      1.      Summary Judgment

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v.*

*Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

In this case, the affidavits state that the senior Gildeas are octogenarians in various stages of disability who had no knowledge that McLendon was married until Plaintiff initiated the divorce proceedings. Ex.'s A and B to Defendants' Memorandum [22], Ex. A, Ex. B. These facts are not rebutted and will be considered in light of Mississippi substantive law as to Plaintiff's claims of alienation of affection, intentional infliction of emotional distress, and negligent infliction of emotional distress.

To state a claim for alienation of affection, Plaintiff must prove "(1) wrongful conduct of the defendant, (2) loss of affection or consortium, and (3) a causal connection between the conduct and the loss." *Children's Med. Group, P.A. v. Phillips*, 940 So. 2d 931, 934 (Miss. 2006) (citing *Bland v. Hill*, 735 So. 2d 414, 417 (Miss.1999)). "The 'wrongful' conduct necessary to maintain an action for alienation of affections is the direct and intentional interference with the marriage relationship by the defendant." *Id.* Thus,

> it must appear ... that there had been a direct interference on the defendant's part, sufficient to satisfy the jury that the alienation was caused by the defendant, and the burden of proof is on the plaintiff to show such interference.... But to maintain this action it must be established that the husband was induced to abandon the wife by some active interference on the part of the defendant.

5

*Id.* (emphasis omitted) (quoting *Stanton v. Cox*, 139 So. 458, 460 (1932)).[2]

Intentional infliction of emotional distress requires proof that the conduct was "wanton and willful and evoked outrage or revulsion." *See Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (citing *Leaf River Forest Prods., Inc. v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995)). "Meeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Id.* (quoting *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993)). The severity of the acts must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Pegues v. Emerson Elec. Co.*, 913 F. Supp. 976, 982 (N.D. Miss. 1996)).

As for negligent infliction of emotional distress, the Mississippi Supreme Court has explained that

> mental anguish is a nebulous concept and requires substantial proof for recovery. Further, if the case is one of ordinary garden variety negligence, the plaintiffs would have to prove some sort of injury, whether it be physical or mental. If the conduct was not malicious, intentional or outrageous, there must be some sort of demonstrative harm.

*Ill. Cent. R.R. Co. v. Hawkins*, 830 So. 2d 1162, 1174 (Miss. 2002) (citations and quotation marks omitted). Plaintiff has not offered "specific facts showing that there is a genuine issue for trial" as to each essential element of her three claims. *Celotex*, 477 U.S. at 324. Moreover, the senior Gildeas' lack of knowledge of McLendon's marital status is dispositive.

---

[2]It is worth noting that *Phillips* denied a motion to dismiss, but did so under Mississippi's markedly different approach to Rule 12(b)(6).

2. Rule 12(b)(6)

The result would be no different if the Court disregarded the affidavits and considered the motion strictly as a motion to dismiss. Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's recent examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

truth." *Id*. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Such review in the present case reveals nothing more than bald conclusory allegations as to the senior Gildeas. The only averments in the Complaint that appear to reference Ray and Trudy Gildea are as follows:

> Plaintiff was happily married "until the wrongful actions of the Defendants which irreparably injured said relationship." Complaint ¶ 5
>
> "Defendants did intentionally and/or negligently injure the Plaintiff and deprive her of her spouse . . . and did willfully, wrongfully, and maliciously prejudice his mind against the Plaintiff and did alienate his affections from the Plaintiff." *Id*. ¶ 6.
>
> "The Defendants' actions took place in Madison County, Mississippi . . . and other places unknown to the Plaintiff." *Id*. ¶ 7.
>
> "Plaintiff did not become aware of . . . Defendants Ray Gildea and Trudy Gildea's facilitation of the relationship, until on or about September 23, 2005." *Id*. ¶ 8.
>
> "The Defendants were the sole and proximate cause of the demise of the Plaintiff's marriage and subsequent divorce." *Id*. ¶ 9.
>
> "The Defendants' acts constituted intentional infliction of emotional distress, negligent infliction of emotional distress and/or alienation of affections . . . ." *Id*. ¶ 10.
>
> "The Defendants' actions were willful, wanted [sic], reckless, malicious and without regard for the rights of the Plaintiff. . . . Defendants, Ray Gildea and Trudy Gildea's, condonation, facilitation and conspiratorial acts with Defendant, Patricia Gildea, which facilitated and enabled the Defendant, Patricia Gildea's, adulterous relationship with Plaintiff's husband, and Defendants' intentional interference in the marriage and post-marital relationship . . . entitle Plaintiff to punitive damages." *Id*. ¶ 11.

The vast majority of the averments do not reference the senior Gildeas personally, lumping them instead with their daughter. More significantly, the Complaint is entirely conclusory with respect to these two defendants. The only reference to their conduct at all is in conclusory claims of "condonation, facilitation and conspiratorial acts." Complaint ¶ 11.

8

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8. *Iqbal*, 129 S. Ct. at 1949. Plaintiff has offered nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the Court finds that the Complaint fails to state a claim for relief under the substantive law provided above. As such, the motion is granted.

**SO ORDERED AND ADJUDGED** this the 14th day of October, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE