UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARTHA AINSWORTH                                                                        PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:09cv68 DPJ-JCS

PATRICIA GILDEA, ET AL.                                                              DEFENDANTS

ORDER

This alienation of affections case is before the Court on Defendant Patricia Gildea's Motion for Summary Judgment [58]. The Court, having considered the parties' memoranda and relevant authorities, finds that Defendant's motion should be granted as to the claim of negligent infliction of emotional distress but otherwise denied.

Summary judgment is warranted under Rule 56(c)(2) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000).

Plaintiff claims that Defendant Gildea engaged in a sexual relationship with Plaintiff's husband leading to the couple's divorce. Gildea attacks the suit arguing that under her interpretation of the facts, no prima facie case has been presented. However, the Court may not accept the invitation to weigh the evidence and finds that questions of fact persist as to each essential element of an alienation of affection claim. *Id*.

Gildea also argues that Plaintiff comes to court with unclean hands because she began an affair after the separation but before the divorce. Defendant cites no cases for this argument.

While the argument appears relevant to the quantum of damages, the Court finds no authority supporting a bar to recovery for alienation of affection based on conduct occurring after the relationship ended.[1]

Finally, Defendant convincingly moves for summary judgment to the extent Plaintiff attempted to plead a negligent infliction of emotional distress claim. The Mississippi Supreme Court has often observed that "[m]ental anguish is a nebulous concept . . . and requires substantial proof for recovery." *Summers v. St. Andrew's Episcopal Sch., Inc.*, 759 So. 2d 1203, 1211 (Miss. 2000) (quoting *Morrison v. Means*, 680 So. 2d 803, 805 (Miss. 1996) (internal quotation marks omitted). "Further, 'if the case [is] one of ordinary garden variety negligence, the plaintiffs would have to prove some sort of injury, whether it be physical or mental. If the conduct was not malicious, intentional or outrageous, there must be some sort of demonstrative harm.'" *Ill. Cent. R.R. Co. v. Hawkins*, 830 So. 2d 1162, 1174 (Miss. 2002) (quoting *Summers*, 759 So. 2d at 1211).

In the present case, Plaintiff maintains that her own testimony, standing alone, satisfies this standard. In her deposition, Plaintiff testified that "emotionally it's horrible," and that "I felt like I didn't have a heart or a stomach or lungs and that it was just raw." Ainsworth Dep. 124:1–9, Mar. 6, 2010. When pressed, Plaintiff observed that she lost 30 pounds and could not sleep. *Id.* at 124:14–15. Numerous courts interpreting Mississippi law have either granted or affirmed summary judgment where the plaintiff cited similarly vague and undocumented

---

[1] Generally speaking, the doctrine of unclean hands provides that "he who comes into equity must come with clean hands." *In re Estate of Richardson v. Cornes*, 903 So. 2d 51, 55 (Miss. 2005) (citations and internal quotation marks omitted). Defendant does not explain how this equitable doctrine applies in the context of a tort claim for alienation of affection.

injuries. *See*, *e.g.*, *Evans v. Miss. Dep't of Human Servs.*, 36 So. 3d 463, 476 (Miss. Ct. App. 2010) (affirming summary judgment where plaintiff claimed sleeplessness and general worries); *McGuffie v. Herrington*, 966 So. 2d 1274, 1278 (Miss. Ct. App. 2007) (finding no demonstrative harm); *Little v. K & B Miss. Corp.*, No. 3:06-cv-501-WHB-LRA, 2007 WL 2417353, at *8 (S.D. Miss. Aug. 27, 2007) (granting summary judgment where "only evidence of 'physical manifestation of injury' [was plaintiff's] claims that she suffered weight loss, began biting her nails, restarted smoking, and had difficulty sleeping") (quoting *Randolph v. Lambert*, 926 So. 2d 941, 946 (Miss. Ct. App. 2006); *Adams v. David's Bridal, Inc.*, No. 3:06cv130-WHB-LRA, 2007 WL 805663, at *6 (S.D. Miss. Mar. 14, 2007) (granting summary judgment where "only evidence of 'physical manifestation of injury' [was] Plaintiff's claims that she suffered weight gain, hair loss, and changes in her menstrual cycle") (quoting *Randolph*, 962 So. 2d at 946); *Smith v. Fortis Ins. Co.*, No. Civ.A. 104CV73WJGJMR, 2005 WL 1657049, at *7 (S.D. Miss. July 8, 2005) (granting summary judgment where plaintiff claimed weight loss, loss of sleep, headaches and great stress).

## III.  Conclusion

Defendant raised other arguments in her submissions that were considered but rejected. For the reasons stated in this order, Defendant's motion for summary judgment is granted as to the negligent infliction of emotional distress claim but otherwise denied.

**SO ORDERED AND ADJUDGED** this the 1th day of September, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE